## DOLLOFF v. UNITED STATES.
### No. 11889.

Circuit Court of Appeals, Eighth Circuit.

July 8, 1941.

R. Bowland Ritchie, of Wichita, Kan. (J. E. Alexander, of Wichita, Kan., and George C. Dyer, of St. Louis, Mo., on the brief), for appellant.

Charles F. Lamkin, Jr., Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

Appellant was convicted on a charge of attempting to transport intoxicating liquor out of the State of Missouri and into the State of Kansas in violation of the Liquor Enforcement Act of 1936, 27 U.S.C.A. § 221 et seq. We shall refer to appellant as defendant. The information on which he was tried and convicted charged that, " * * * the defendant, Walter R. Dolloff, being in possession of intoxicating liquor containing more than 4 per cent of alcohol by volume, to-wit, 152 gallons, more or less, of assorted whiskey, wine and gin, said intoxicating liquor being then and there transported in a motor car controlled and operated by the defendant, did unlawfully, knowingly and wilfully attempt to transport said intoxicating liquor from and out of the State of Missouri into the State of Kansas, to Wichita, Kansas, in which said State of Kansas all sales (except for sacramental, scientific, medicinal and mechanical purposes) of intoxicating liquors containing more than 4 per cent of alcohol by volume, are prohibited * * *."

Defendant interposed a plea in bar on the ground that the Liquor Enforcement Act of 1936 did not apply to the State of Kansas for the reason that the State of Kansas did not prohibit all sales of intoxicating liquor containing more than 4 per cent of alcohol by volume. Defendant waived trial by jury and the court heard evidence offered in support of the issue raised by the plea in bar and denied the plea. After some proceedings not here material, defendant entered a plea of not guilty and again waived trial by jury and consented that the case be tried to the court. The evidence offered on the issue raised by the plea in bar was resubmitted. Defendant offered no evidence except that offered in support of his plea in bar, and at the close of the Government's evidence moved for judgment of acquittal on the ground that the evidence did not establish that the State of Kansas prohibited

all sales of intoxicating liquor for beverage purposes containing more than 4 per cent of alcohol by volume. This motion was overruled and the court found the defendant guilty and entered judgment sentencing him to prison.

On this appeal defendant challenges the correctness of the court's order overruling his plea in bar, and likewise, its ruling in denying his motion for judgment of acquittal. But one question is presented and that is whether the Liquor Enforcement Act of 1936, 27 U.S.C.A. § 223, is applicable to the transportation of intoxicating liquor into the State of Kansas. This Act, so far as here applicable, reads as follows:

"(a) Whoever shall import, bring, or transport any intoxicating liquor into any State in which all sales (except for scientific, sacramental, medicinal, or mechanical purposes) of intoxicating liquor containing more than 4 per centum of alcohol by volume are prohibited, otherwise than in the course of continuous interstate transportation through such State, or attempt so to do, or assist in so doing, shall: (1) If such liquor is not accompanied by such permit or permits, license or licenses therefor as are now or hereafter required by the laws of such State; or (2) if all importation, bringing, or transportation of intoxicating liquor into such State is prohibited by the laws thereof; be guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"(b) In order to determine whether anyone importing, bringing, or transporting intoxicating liquor into any State, or anyone attempting so to do, or assisting in so doing, is acting in violation of the provisions of this chapter, the definition of intoxicating liquor contained in the laws of such State shall be applied, but only to the extent that sales of such intoxicating liquor (except for scientific, sacramental, medicinal, and mechanical purposes) are prohibited in such State."

The laws of Kansas pertaining to the sale of intoxicating liquors read as follows:

21-2101, G.S.1935. "It shall be unlawful for any person to directly or indirectly * * * sell * * * any spirituous, malt, vinous, fermented or other intoxicating liquors * * *."

21-2109, G.S.1939 Supp. "The terms spirituous, malt, vinous, fermented or other intoxicating liquors as used in section 21-2101 to 21-2108, inclusive, of the General Statutes of 1935, and all amendments thereto, are hereby defined to include all beverages which contain more than three and two tenths percent. (3.2%) of alcohol by weight and all such beverages are hereby declared to be intoxicating liquors under the law of this state."

21-2109a, G.S.Supp. "The words 'intoxicating liquors' or 'intoxicating liquor' wherever used in the General Statutes of 1935, and acts amendatory thereto, shall be construed to mean all such beverages referred to in section 1 (21-2109) which contain more than three and two tenths percent (3.2%) of alcohol by weight."

Section 6, Chapter 179, Laws of Kansas, 1939, reads as follows: "This act is intended to qualify Kansas for protection under the twenty-first amendment to the constitution of the United States."

This question was before us in Arnold v. United States, 8 Cir., 115 F.2d 523, 525, and in the opinion in that case we said: "The federal statute upon which the indictment is based prohibits the transportation of liquor into any state in which all sales (with exceptions not here material) of intoxicating liquor containing more than 4 per cent. of alcohol by volume are prohibited. On the other hand, the Kansas statute defining intoxicating liquor includes such liquor as contains more than 3.2 per cent. of alcohol by weight. The record is devoid of proof as to the relative alcoholic content of a liquor or beverage in which alcohol constitutes 4 per cent. by volume and a liquor or beverage in which alcohol constitutes 3.2 per cent. by weight. What the fact may be in this regard is not of such common knowledge that the court may know it judicially. United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206; Wm. A. Smith Const. Co. v. Brumley, 10 Cir., 88 F.2d 803. Whether the laws of Kansas prohibit all sales of intoxicating liquor containing more than 4 per cent. of alcohol by volume depends upon whether 3.2 per cent. by weight is the same or less than 4 per cent. by volume. This presents a problem of translating terms used in one statute into terms used in another statute. We are cited to no recognized standards, tables, or formulæ, by aid of which such translation of terms may be effected. We can not presume that it is impossible to have an alcoholic beverage containing not more than 3.2 per cent. of alcohol by weight, which contains more than 4 per cent. of alcohol by volume, and hence, we can not say that the federal act applies to the State of Kansas."

In the instant case the record is not devoid of proof as to the relative alcoholic content of a liquor or beverage in which alcohol constitutes 4 per cent by volume and a liquor or beverage in which alcohol constitutes 3.2 per cent by weight. Testimony on this question was presented to the lower court on the issue raised by the plea in bar. From the testimony so presented, the court found in effect that an alcoholic beverage containing 3.2 per cent of alcohol by weight will contain approximately 4 per cent of alcohol by volume. This finding was sustained by substantial testimony. Counsel for appellant in their brief say: "As regards subsection (b), it is sufficiently ambiguous, one might almost say meaningless, to justify the Court in resorting to the report of the Congressional Committee as an aid in interpreting it."

Counsel for the Government say: "It is impossible to read paragraph (a) and paragraph (b) of Section 223 together without coming to the conclusion that they are contradictory if paragraph (a) means what the appellant contends."

Counsel on either side have made reference to the report of the Congressional Committee. The report of the Judiciary Committee of the House of Representatives on this act states, inter alia: " * * * The bill extends this affirmative protection to States which forbid all sales for beverage purposes of intoxicating liquor containing more than 4 per cent of alcohol by volume (3.2 per cent of alcohol by weight). Your committee felt it was essential to protect States which permit the sale of liquor containing as much as 4 per cent of alcohol by volume, in order to keep faith with the action taken by Congress in the so-called 'Cullen Beer Act' of March 22, 1933."

The Cullen Beer Act, 48 Stat. 17, 27 U.S.C.A. § 64a et seq., by its terms legalized the manufacture, sale and distribution of alcoholic beverages containing not more than 3.2 per cent of alcohol by weight. It is worthy of note that throughout that act, the term "3.2 per cent" is employed.

This record contains proof that an alcoholic beverage containing 3.2 per cent of alcohol by weight will contain substantially 4 per cent of alcohol by volume. It is also now brought to our attention that there are recognized scientific authorities, including Department of Commerce Bureau of Standards, Remington's Practice of Pharmacy, Rogers' Manual of Industrial Chemistry and Standard Encyclopedias, to the effect that 4 per cent of alcohol by volume and 3.2 per cent of alcohol by weight are substantially identical. These authorities are corroborative of the testimony in this case, and may be considered in connection with the legislative history of the enactment of the Liquor Enforcement Act. It appears, too, that Congress in enacting this legislation considered that 4 per cent by volume and 3.2 per cent by weight were equivalents, if not identical.

It is, of course, conceded that the liquor which defendant had in his possession and was attempting to transport, consisting of whiskey, wine and gin, had an alcoholic content exceeding any allowable per centum under this statute, whether measured by weight or by volume.

In this condition of the record, we can not now conclude, as we did in Arnold v. United States, supra, that the State of Kansas has not adopted a control method coming within that outlined by the Liquor Enforcement Act of 1936. It appearing affirmatively from the evidence as well as from the recognized scientific authorities and the legislative history of the enactment of the Liquor Enforcement Act of which we may take judicial notice, that the Liquor Enforcement Act is applicable to the State of Kansas, the judgment of conviction appealed from is affirmed.